# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID SCHLEGEL, )
)
    Plaintiff, )
)
v. ) Case No. CIV-15-955-M
)
SUSAN PERKINS, Deputy Sheriff )
of Oklahoma County, )
JOHN WHETSEL, High Sheriff of )
Oklahoma County, )
)
    Defendants. )

## ORDER

    Before the Court is the Special Appearance and Motion to Dismiss of Defendants, Susan Perkins, Deputy Sheriff, and John Whetsel, Sheriff, Oklahoma County (collectively "Defendants"), filed September 11, 2015. On October 2, 2015, plaintiff filed his response, and on October 5, 2015, Defendants replied.

    On September 2, 2015, plaintiff filed this action requesting the Court to enjoin Defendants from executing a Writ of Assistance issued on August 25, 2015, by Tim Rhodes, County Clerk of the District Court of Oklahoma County, State of Oklahoma, directing Defendants to oust all persons in possession of the property at 2015 NW 19th Street, Oklahoma City, OK 73106 (the "Property").[1] On September 14, 2015, the Court denied plaintiff's Motion for Preliminary Injunction in this matter on the grounds that the Court lacks jurisdiction, pursuant to the *Younger* doctrine. *See* Court's September 14, 2015 Order [docket no. 17].

---

[1] At the time this action was filed, plaintiff was occupying the Property.

Defendants now move this Court to dismiss plaintiff's action entirely, pursuant to the *Younger* doctrine.[2]

The Court, in its September 14, 2015 Order denying plaintiff's Motion for Preliminary Injunction, found that plaintiff was a party to the state court proceeding, *One West Bank, FSB v. Samuel C. Bass, et al.,* Case No. CJ-2010-7203 (hereafter, "State Court Proceeding"), filed in the District Court In and For Oklahoma County, Oklahoma[3] and, further, that plaintiff had failed to demonstrate any special circumstance that would allow the Court to intervene in the State Court Proceeding. In his response, plaintiff takes issue with the Court's ruling in its September 14, 2015 Order and contends that:

> It would appear that the Court accepted the caption heading of that case as the conclusive proof that (1) the unrecited [sic] Occupants of the Premises were actually Served [sic] by OneWest Bank, and further (2) that the Plaintiff herein, David Schlegel, was indeed an Occupant at the time that litigation was on-going. The Court further undertook this conclusory approach without conducting an evidentiary Hearing [sic], or, indeed, any Hearing [sic] at all.[4]

Plaintiff's Resp. at 2. Plaintiff further contends that the State Court Proceeding was closed on April 3, 2014.

---

[2] Defendants also move the Court to dismiss this action based on absolute judicial immunity, and/or plaintiff's failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Since the Court finds that the *Younger* doctrine applies in this action, the Court will not be addressing Defendants' assertions that this case should be dismissed based on Defendants' absolute judicial immunity or on plaintiff's failure to state a claim upon which relief can be granted.

[3] The State Court Proceeding is a foreclosure proceeding, and the defendants are Samuel C. Bass, Yvonne G. Bass, and Occupants of the Premises.

[4] In footnote 1 of his response, plaintiff references the September 14, 2015 Preliminary Injunction Hearing that was set by the Court in its September 9, 2015 Order granting plaintiff's Temporary Restraining Order and later struck by the Court after receipt of Defendants' objections to plaintiff's Motion for Preliminary Injunction.

Having reviewed the parties' submissions, and taking judicial notice of the record of the State Court Proceeding, the Court finds that the *Younger* doctrine applies in this matter. Specifically, the Court finds that a review of the State Court Proceeding record reveals that on December 16, 2010, service was executed on the occupants of the Property. The Court finds that this service was sufficient to put the current, as well as any future, occupants of the Property on notice of the State Court Proceeding. Further, the Court finds that while the close date on the State Court Proceeding is listed as April 3, 2014, litigation in the State Court Proceeding has continued up until as late as September 29, 2015, when the Writ of Assistance was executed by Defendants. Plaintiff, as an occupant of the Property, has standing to intervene in the State Court Proceeding to have his grievances heard by the state court, just as he did by filing his action with this Court. Therefore, pursuant to the *Younger* doctrine, the Court will not interfere with the ongoing State Court Proceeding and finds that this action should be dismissed.

Accordingly, for reasons set forth above, the Court GRANTS the Special Appearance and Motion to Dismiss of Defendants [docket no. 12]. Further, the Court finds that the following pending motions in this action are MOOT:

(1) Federal National Mortgage Association's Motion and Amended Motion to Intervene as Defendant Under Rule 24 [docket nos. 14& 16] and

(2) Plaintiff's Motion to Amend [docket no. 21] and Motion for Order to Produce Retainer Agreement [docket no. 22].

**IT IS SO ORDERED this 6th day of November, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE